**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACARIO CIFUENTES-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>Respondent. | No.  19-71722<br><br>Agency No. A073-901-352<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Immigration Judge

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Macario Cifuentes-Rodriguez, a native and citizen of Guatemala, petitions

for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in

Guatemala and thus is not entitled to relief from his reinstated removal order.  We

———————————

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's determination that Cifuentes-Rodriguez failed to establish a reasonable possibility of persecution in Guatemala on account of his family membership. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Cifuentes-Rodriguez does not challenge the IJ's determinations regarding his fear of persecution on account of any other protected grounds. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence also supports the IJ's determination that Cifuentes-Rodriguez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Guatemala. *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with state

action); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence insufficient to establish eligibility for CAT).

We reject as unsupported by the record Cifuentes-Rodriguez's contentions that the IJ and asylum officer violated his right to due process or otherwise erred in the analysis of his claims.

We do not consider the materials Cifuentes-Rodriguez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc). Cifuentes-Rodriguez's motion to supplement the record or for judicial notice (Docket Entry No. 13) is denied. *See id*.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry Nos. 1 and 5) is otherwise denied.

**PETITION FOR REVIEW DENIED.**